UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIARA WILLIAMS,

      Plaintiff,

v.

AUTOKINITON d/b/a TOWER
INTERNATIONAL, INC.,

      Defendant.

_____/

Case No. 4:23-cv-12404
District Judge F. Kay Behm
Magistrate Judge Anthony P. Patti

### ORDER CERTIFYING FACTS TO THE DISTRICT JUDGE AND ORDERING PRECIOUS KNOX AND TASHODD TIMMS TO SHOW CAUSE AT A TIME TO BE SET BY JUDGE BEHM

**A.**    **Background**

On December 4, 2023, Plaintiff Kenya Huston brought this action against Autokiniton d/b/a Tower International, Inc.

Plaintiff filed the instant renewed motion for order to show cause on April 21, 2025. (ECF No. 40.) In her motion, Plaintiff asked the Court for an order requiring Torrae Rucker, Precious Knox, and Tashodd Timms to show cause why they should not be held in contempt for failing to comply with subpoenas to testify. Judge Behm referred the motion to me on April 22, 2025. (ECF No. 41.) On April 28, 2025, I granted the motion by issuing an order requiring "non-parties Precious Knox, Torrae Rucker and Tashodd Timms to **SHOW CAUSE IN PERSON** on

**Thursday, May 29, 2025 at 10 a.m. in the Undersigned's courtroom on the 6th floor of the Theodore Levin U.S. Courthouse at 231 West Lafayette BLVD, Detroit, Michigan 48226** as to why they should not be held in contempt for failure to appear at their respective depositions." (ECF No. 42, PageID.521-22 (emphases in original).) Plaintiff's counsel filed a declaration of service, averring that the order to show cause had been served on the three nonparties. (ECF No. 46.)

The time and date for the show cause hearing arrived, but the three nonparties did not. The Court conducted an on the record proceeding and heard argument from both Plaintiff's counsel and Defendants' counsel on whether, and in what form, to hold the three nonparties in contempt. The Court also solicited background information from counsel regarding the non-party witnesses and their respective roles in this case.

## B. Standard

Plaintiff stated on the record that she does not seek an order of criminal contempt or any bench warrant being issued. Instead, Plaintiff asks that the Court hold the nonparties in civil contempt and further asks for specific penalties for that contempt.

Under 28 U.S.C. § 636, in cases of civil contempt where the magistrate judge does not have consent jurisdiction:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought

2

into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6). Moreover, the precipitating behavior of this motion − a failure to obey subpoenas and attend depositions − occurred outside my presence, and thus is not summarily punishable as a criminal contempt by a magistrate judge. 28 U.S.C. § 636(e)(2). The procedure for civil contempt in non-consent cases, therefore, is to certify facts and then order the recalcitrant person to show cause before the district judge.

C.  **Order and Certification of Facts**

   1. **Torrae Rucker**

   With respect to Torrae Rucker, the Court notes that this matter has been amicably resolved on the record during the hearing with an agreement by Defendants that they would not call Rucker in their case in chief. No further relief was requested by Plaintiff as to Rucker, and the matter as to Rucker is deemed resolved.

   2. **Precious Knox and Tashodd Timms**

   With respect to Precious Knox, and Tashodd Timms, I **HEREBY CERTIFY** the following facts pursuant to 28 U.S.C. § 636(e)(6):

3

1) Tashodd Timms was served by process server on December 21, 2024 with a subpoena issued under Fed. R. Civ. P. 45.

2) The subpoena set a deposition date of January 13, 2025.

3) Timms failed to appear for his deposition.

4) On February 3, 2025, this Court granted Plaintiff's motion for alternate service of a Rule 45 subpoena on Precious Knox. (ECF No. 33.)

5) After some early inconclusive attempts, Plaintiff thereafter served Knox through the means identified in the Court's order.

6) Knox was required to appear for deposition on April 3, 2025.

7) Knox failed to appear for her deposition.

8) Additionally, this Court issued an order for Knox and Timms to appear in person on May 29, 2025. (ECF No. 42.)

9) Knox and Timms failed to appear.

It appears to the undersigned Magistrate Judge that Precious Knox, and Tashodd Timms are in contempt of court and they are **ORDERED TO SHOW CAUSE**, at a time and date set by District Judge F. Kay Behm why they should not be adjudged in contempt, with appropriate sanctions imposed, by reason of the facts so certified.[1]

---

[1] The Court does note, however, that Plaintiff does not seek a bench warrant or for Timms and Knox to be held in criminal contempt. Instead, Plaintiff primarily

**IT IS SO ORDERED.**[2]

Dated: June 6, 2025

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

seeks for the affidavits of Timms and Knox to be stricken from Defendants' motion for summary judgment. (ECF Nos. 39-17 & 39-18.) Plaintiff did not specifically seek this remedy in her motion for an order to show cause, and instead raised the request for the first time at the May 29, 2025 hearing. The request is not properly made in connection with contempt proceedings because, as Defendants point out, the remedy appears to be punishing *Defendants* for the behavior of the nonparties over whom they have no control. Moreover, Plaintiff did not raise or brief this issue to advise or properly frame it to the Court. Finally, and most importantly, Plaintiff has <u>already made this identical argument to Judge Behm in connection to the motion for summary judgment</u> (s*ee* ECF No. 44, PageID.44), and it will undoubtedly be resolved by Judge Behm at the appropriate time.

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).