UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIARA WILLIAMS,

     Plaintiff,

v.

TOWER AUTOMOTIVE
OPERATIONS USA I, LLC d/b/a
AUTOKINITON,

     Defendants.

_____ /

Case No. 23-12404
Hon. F. Kay Behm
United States District Judge

Hon. Anthony P. Patti
United States Magistrate Judge

## ORDER REGARDING CONTEMPT CITATIONS FOR PRECIOUS KNOX AND TASHODD TIMMS

On September 17, 2025, the court held an in-person hearing for Precious Knox and Tashodd Timms to show cause why they should not be held in contempt of court for failure to comply with subpoenas to testify at depositions. *See* ECF Nos. 42, 50, 55, 62. Upon careful review of the evidence of service of the various orders to appear on Knox and Timms, the court is not convinced that either nonparty was properly served with the notices to appear before this court on the orders to show cause. The court is similarly not convinced that either nonparty was properly served with notices to appear before the Magistrate Judge for a show cause hearing before him. The court is satisfied, however, that

1

the evidence shows that both nonparties were properly served with subpoenas to appear at a deposition under Rule 45, but did not appear.

For the reasons explained in more detail below, the court **DENIES** Plaintiff's request for bench warrants to issue against Knox and Timms, but should Plaintiff wish to pursue civil contempt fines against them for failure to appear for their depositions, Plaintiff may do so in accordance with the method explained in detail at the conclusion of this order.

## I. ANALYSIS

### A. Service on Precious Knox

This case saw several failed attempts at service of a subpoena to testify by Plaintiff on nonparty Precious Knox. Plaintiff then moved to serve Knox with the subpoena to testify by alternate means. "To obtain permission for alternate service, a plaintiff must establish (1) that service cannot be made by the prescribed means, and (2) that the proposed alternate method is likely to give actual notice. The first requirement must be established by sufficient facts. The second requirement embodies the constitutional requirements of due process."

*Moseley v. Regency Transp., LLC*, 525 F. Supp. 3d 823, 825 (E.D. Mich. 2021) (citations omitted, cleaned up).

Plaintiff's first two motions for alternate service were unsatisfactory. *See* Text Only Orders Regarding Motions for Alternate Service, Denying ECF Nos. 26, 29. The Magistrate Judge eventually granted Plaintiff's third motion for alternate service on Precious Knox, and ordered that Knox could be served with a subpoena and a copy of his order on alternate service via three specific methods: (1) by tacking the subpoena and order  on the doorway to her apartment or house; (2) by sending the subpoena and order to her via regular U.S. Mail, and (3) by sending the subpoena and order to her via certified delivery U.S. Mail. *See* ECF No. 33, PageID.242. Although Plaintiff again made several unsatisfactory motions seeking contempt orders against Knox (failing to show that she properly served Knox in accordance with the Magistrate Judge's order), she did eventually provide satisfactory evidence showing that Knox was properly served with the subpoena and a copy of the order for alternate service. *See* ECF No. 40-2, PageID.515 (stating that these documents were posted on her doorway); ECF No.

3

40-3, PageID.519 (stating that these documents were mailed by both regular and certified mail).

Knox was later ordered by both the Magistrate Judge and this court to appear at two separate hearings regarding her failure to comply with the subpoena. ECF Nos. 42, 50, 55, 62. But there is not sufficient proof of service on Knox for the orders to appear at either hearing. Although Plaintiff provided a document alleging proof of service of the Magistrate's order to appear for a show cause hearing, that filing does not constitute sufficient proof of service. Why that is the case requires some additional explanation.

The Magistrate Judge issued an order for Knox and Timms to show cause why they should not be held in contempt for failing to appear at their depositions, and ordered that filing be served on Knox and Timms "by regular mail and overnight courier at the same addresses at which they were previously served[.]" ECF No. 42, PageID.522. Plaintiff submitted evidence that she complied with that order regarding service on Knox. *See* ECF No. 46, PageID.1071. On its own review, however, this court does not agree that method of service comports with the requirements of due process for a civil contempt

proceeding.  A party seeking civil contempt bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has "violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *La Forte v. Lorraine Cab Co.*, No. 93-1622, 1994 U.S. App. LEXIS 23110, at *6-7 (6th Cir. Aug. 23, 1994); *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996); *see also A&W X-Press, Inc. v. FCA United States LLC*, No. 2:21-cv-12209, 2022 LX 171007, at *6 (E.D. Mich. Dec. 2, 2022).  "Knowledge of the court's order" refers to the sufficiency of service of process, actual notice, and the constitutional requirement of due process.  "A truly diligent search for an absentee [party] is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service.  When notice is a person's due, process which is a mere gesture is not due process." *Krueger v. Williams*, 410 Mich. 144, 168 (1981).[1]

The question becomes which Rule of Civil Procedure governs the requirements of service for notices to appear, and orders to show cause

---

[1] Alternate service is permitted under Federal Rule 4(e) by its reference to state law; Michigan law permits substituted service via Mich. Ct. R. 2.105(J).  *See Contreras v. Reza-Reyes*, No. 24-10097, 2024 U.S. Dist. LEXIS 9342, at *3 (E.D. Mich. Jan. 18, 2024).

threatening the contempt sanction, on nonparties.  Neither the

Magistrate Judge's order to appear nor this court's order came in the

form of a subpoena; thus, Rule 45, which requires personal service of

subpoenas, is not on its face directly applicable.  The proper rule that

applies to service of notices to appear on nonparties is not clearly stated

in the Federal Rules.  But by reference and analogy, Rule 4, governing

service of the summons, is the rule best suited to apply to the

requirements for service of an order to show cause on a nonparty who

has not appeared in a civil action.  This is because a contempt

proceeding invokes the same due process rights that the main case itself

invokes.  "Like any civil litigant, a civil contemnor is . . . clearly entitled

to those due process rights, applicable to every judicial proceeding, of

proper notice and an impartial hearing with an opportunity to present a

defense." *Consolidation Coal Co. v. United Mine Workers*, 514 F.2d 763,

765 (6th Cir. 1975) (citation omitted); *see also Absolute Nev., LLC v.*

*Grand Majestic Riverboat Co. LLC*, No. 19-cv-11479 (PKC), 2020 U.S.

Dist. LEXIS 159391, at *10 (S.D.N.Y. Sep. 1, 2020) (applying Rule 4(e)

to service for civil contempt orders on an individual, by application of a

local rule), *affirmed in part and vacated in part on other grounds*,

6

*Absolute Nev. v. Baer*, No. 21-50-cv, 2022 U.S. App. LEXIS 3312, at *6 (2d Cir. Feb. 7, 2022).

Reading Rule 4 in conjunction with other of the Rules of Civil Procedure reinforces this result.  Rule 5(b)(2)(C), for example, permits service of papers by mailing them to a person's last known address, which would accord with the form of service on Knox and Timms contemplated in the Magistrate Judge's order.  *See* Fed. R. Civ. P. 5(b). But Rule 5's rules for service apply only "[o]nce a party has made an appearance," and then (and only then) "sets the standard for service of all other papers filed in an action."  *See Kirby v. Memphis Sec. Co.*, No. 1:01-CV-151, 2003 U.S. Dist. LEXIS 19927, at *16 (E.D. Tenn. Nov. 5, 2003).  By analogy, Rule 5(b)'s more permissive standard for service does not apply under these circumstances, because neither Knox nor Timms has ever appeared in this action in any manner (even as a nonparty).  *See United States EEOC v. Guardsmark, LLC*, No. H-09-3062, 2010 U.S. Dist. LEXIS 135396, 2010 WL 5391269, at *2 (S.D. Tex. Dec. 22, 2010) ("A party must appear in a case in order to be served pursuant to Rule 5.").  It is also worth noting that the subpoena Knox and Timms *did* receive, to appear for deposition, is not a summons to

7

appear before this court; it is a requirement to appear instead before the parties outside of the court's presence. It is therefore not analogous to receipt of a summons.

Or turn to another portion of Rule 5. Rule 5(a)(2) states that "[n]o service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." In this case, application of that rule, which refers to persons who have failed to appear as ordered, is best understood as follows: Plaintiff is asserting a new claim for relief (contempt) against Knox and Timms, both of whom failed to appear for their depositions. She therefore must serve these nonparties under Rule 4. Unlike a party, who can be in "default" for failing to appear under Rule 55, a nonparty who failed to heed a subpoena is not in "default" within the meaning of the former provision. Thus the first part of Rule 5(a)(2), which permits a party to cease serving any papers at all on a party in default, cannot be sensibly applied to a nonparty on an order to show cause why they should not be held in contempt – the nonparty must necessarily be served with the filing to respond to it.

Rule 4.1, which governs service of process other than a summons under Rule 4 or a subpoena under Rule 45, provides additional guidance that this is the correct interpretation of the interplay of these rules regarding a show cause order on a nonparty for civil contempt. Admittedly, the rule is not quite on point; Rule 4.1 applies to specific kinds of orders of the court.  *See* 22 C.F.R. § 92.84 ("Legal process means a writ, warrant, mandate, or other process issuing from a court of justice.  The term includes subpoenas, citations, and complaints.").[2] And it does not on its face appear to apply to orders to show cause for contempt.  In fact, the advisory committee notes to Rule 4.1 state that "[s]ervice of process is <u>not</u> required to notify a party . . . of an order that the party show cause why that party should not be held in contempt of such an order.  With respect to a party who has once been served with a summons, the service of the decree or injunction itself or of an order to show cause can be made pursuant to Rule 5."  Fed. R. Civ. P. 4.1

---

[2] *But see Apostolic Pentecostal Church v. Colbert*, 169 F.3d 409, 415 (6th Cir. 1999) (holding that Rule 4.1 does not apply to the kinds of writs available under Rule 69(a)).

advisory committee's 1993 note (emphasis added).[3]  That phrasing is

not directly applicable here, because like much of the Federal Rules of

Civil Procedure, it refers to the parties in a civil action, and not

nonparties like Knox and Timms.  But that note similarly refers to the

principle that full service of process is not required for a party who has

already been served with a summons to appear in the action, and who

has appeared in the action.  *See id.*  As explained, that principle of more

lenient service requirements applying to a party who has already filed

their appearance in an action is not readily transferable to the present

situation, where no "summons" or comparable service of process was

ever effected on either nonparty, and neither nonparty has "appeared"

in this action in any manner whatsoever.

Turning then to the sufficiency of service under this

interpretation, there is no question that the methods of service used for

the order to show cause did not comply with Rule 4(e), and that the

---

[3] Other portions of the Federal Rules of Civil Procedure also can be read to indicate that nonparties must generally be served under Rule 4, not Rule 5.  *See* Fed. R. Civ. P. 25(a)(3) ("A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4.").  Setting aside whether Rule 5 ever applies to nonparties, because neither nonparty has appeared, Rule 5 does not apply to Knox or Timms in this case.

service Plaintiff used did not comply with the Magistrate Judge's ruling permitting certain kinds of alternate service. *See* ECF No. 46 ("On 5/2/25, I served Precious Knox at 16155 Wildermere St, Detroit MI 48221, . . . the same addresses at which they were previously served, with copies of the April 28, 2025 order to show cause, <u>by regular mail and overnight courier</u>.") (emphasis added). Meanwhile, as for the attempts at service by the U.S. Marshals Service for this court's later show cause hearing, the proofs of service submitted by the Marshals indicates that Knox no longer lives at the last address the parties provided the court. *See* ECF Nos. 59, 65, 66. In light of the information that the last address Plaintiff provided for Knox is not a valid address, the court can no longer conclude that the methods of service that were attempted were "reasonably calculated" to achieve actual delivery or actual notice under the terms of the Magistrate Judge's order regarding alternate service, and thus that these attempts at service complied with the constitutional requirement of due process. *See Oceanfirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 754 (E.D. Mich. 2011); *Moseley v. Regency Transp., LLC*, 525 F. Supp. 3d 823, 825 (E.D. Mich.

11

2021). The court cannot conclude by "clear and convincing" evidence that Knox had knowledge of the show cause orders.

### B. Service on Tashodd Timms

Unlike Precious Knox, no order granting alternate service was ever entered regarding Tashodd Timms, so the analysis of proper service on him runs a little differently. For service of the subpoena itself to have been proper, Plaintiff had to strictly comply with Rule 45, which requires "delivering a copy to the named person[.]" Fed. R. Civ. P. 45(b)(1). The proof of service Plaintiff submitted indicates that occurred, and so the court can conclude that he was properly served with the subpoena to appear for his deposition. *See* ECF No. 36-2, PageID.305.

Moving to the orders to appear before the Magistrate Judge and before this court to show cause why he should not be held in contempt, however, the evidence is once again lacking. Plaintiff's exhibit shows merely that Timms was sent the notice by regular and overnight mail. *See* ECF No. 46 ("On 5/2/25, I served . . . Tashodd Timms at 5369 Pacific, Detroit MI 48221, the same addresses at which they were previously served, with copies of the April 28, 2025 order to show cause,

by regular mail and overnight courier").  As explained above, that method of service does not comply with Rule 4(e) or with the requirements of due process under the circumstances.  The court cannot hold a nonparty in contempt unless by clear and convincing evidence it is shown he had knowledge of the court's order.  And although this court reattempted service for its own show cause hearing, neither proof of service shows that service was successfully effectuated.  *See* ECF Nos. 60, 64.  So while Timms can be held accountable for his failure to appear for his deposition, at this stage the court lacks evidence showing he was properly served with the notices to appear for either show cause hearing.

### C.   A Magistrate Judge's Certification of Facts to the District Court

With those conclusions in hand, the court turns to the effect of those findings.  This matter first came to this court upon the Magistrate Judge assigned to this matter certifying certain facts to this court.  ECF No. 50.  Under 28 U.S.C. § 636, in cases of civil contempt where the magistrate judge does not have consent jurisdiction:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to

> be served, upon any person whose behavior is
> brought into question under this paragraph, an
> order requiring such person to appear before a
> district judge upon a day certain to show cause
> why that person should not be adjudged in
> contempt by reason of the facts so certified.  The
> district judge shall thereupon hear the evidence
> as to the act or conduct complained of and, if it is
> such as to warrant punishment, punish such
> person in the same manner and to the same
> extent as for a contempt committed before a
> district judge.

28 U.S.C. § 636(e)(6).

This court's first role is to determine whether the facts as certified by the Magistrate Judge warrant a finding of contempt.  But for the reasons explained above, the court finds that neither Knox or Timms were properly served with notice of the Magistrate Judge's show cause hearing, and so the facts as certified do not warrant a judgment of contempt.

## D.   A Party Seeking to Have the District Court Hold a Nonparty in Civil Contempt

Independent of the Magistrate Judge's certification of relevant facts, a party may still move for the district court to hold a nonparty in civil contempt.  Plaintiff has indicated she wishes to do so, because at

14

the September 2025 hearing in this matter, Plaintiff's counsel asked that bench warrants be issued for both Knox and Timms.

As explained, a party seeking civil contempt bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated a definite and specific order of the court requiring him to perform a particular act with knowledge of the court's order. *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996). For the reasons explained above, Plaintiff has shown by clear and convincing evidence a prima facie case that Knox and Timms were properly served with subpoenas to appear at their deposition. For that conduct, the court may hold both individuals in contempt. Fed. R. Civ. P. 45(g) ("The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."). However, Knox and Timms are still entitled to "notice reasonably calculated, under the circumstances, to apprise them of the pendency of [this contempt] action and afford them an opportunity to present their objections." *See Consolidation Coal Co. v. United Mine Workers*, 514 F.2d 763, 765 (6th Cir. 1975) (citation omitted). Because no proper

service has yet been effected as to a show cause order, Knox and Timms are still entitled to proper notice and opportunity to respond to the allegations against them.  Should Plaintiff wish to pursue civil contempt proceedings, Plaintiff must ensure that proper service is effected.

In addition, the court is not convinced that Plaintiff's suggested relief of bench warrants is appropriate.  The purpose of a civil contempt citation can be either "to coerce compliance for the benefit of an opposing party or provide compensation for injuries arising from past disobedience."  Wright & Miller, 15B Fed. Prac. & Proc. Juris. § 3917 (3d ed.).  In this posture, the court sees little point in coercing compliance with the subpoenas to appear for deposition; the court adjudged all of Plaintiff's claims in this matter when it entered summary judgment in favor of Defendant.  The court could, however, still provide compensation to Plaintiff for injuries arising from these nonparties' disobedience of the subpoenas, within the bounds of civil contempt.  *See Joy & Middlebelt Sunoco v. Fusion Oil*, 179 F. App'x 301, 303-04 (6th Cir. 2006) ("Civil contempt is distinguished from criminal contempt in that civil contempt orders impose remedial damages and

16

sanctions intended to coerce compliance with court orders, whereas criminal contempt orders punish a party for past behavior."); *International Union, UMW v. Bagwell*, 512 U.S. 821, 829 (1994) ("[A] contempt fine accordingly is considered civil and remedial if it . . . compensate[s] the complainant for losses sustained."); *Hopper v. Plummer*, 887 F.3d 744, 753 (6th Cir. 2018) ("a fine is remedial[,]" and therefore civil in nature, "when it is paid to the complainant rather than to the court.") (citation omitted, cleaned up).

## II.    CONCLUSION

Therefore, it is **ORDERED** that Plaintiff's request for bench warrants to be issued for Knox and Timms is **DENIED**, but it is **FURTHER ORDERED** that should Plaintiff wish to pursue a civil contempt citation and compensatory fine for the costs incurred in seeking Knox and Timms' depositions, the court will consider a motion addressing that issue if it is submitted to the court within 21 days of entry of this order, and if Plaintiff abides by each of the following requirements in submitting such a motion:

1)    In addition to filing her motion on the docket, Plaintiff must serve both Knox and Timms with her motion to hold them in civil contempt and seeking compensatory fines;

17

2)    In her motion, Plaintiff must explain the factual basis for holding Knox and Timms in civil contempt (i.e. the subpoenas requiring their appearance at their depositions, and attach copies of the subpoenas and proofs of service);

3)    Plaintiff must include, at the bottom of her motion, in boldface type and 14 point font, the following notice and order to show cause:

> **By order of the court, Precious Knox and Tashodd Timms shall each have twenty-one (21) days from service of this motion to file a response in the United States District Court for the Eastern District of Michigan, Case No. 23-12404, explaining why they were unable to comply with the subpoena to testify at their deposition and to show cause why they should not be held in civil contempt.  Their response may not exceed 25 pages and <u>must include their current address and contact information, including email</u>, so that the court may contact them about scheduling a hearing on this motion. Failure to file a response within the allotted time may result in a civil contempt citation and fine.**

4)    Plaintiff must establish facts that prove she performed a diligent search for the nonparties' current addresses, and present facts that establish that the addresses she intends to use for Knox and Timms are their current addresses;

5)    Plaintiff may serve Precious Knox either in accordance with Rule 4(e) or by alternate service at an address proven to be hers, but if Plaintiff elects to serve her by alternate means, the forms of alternate service must match <u>exactly</u> the forms ordered by the Magistrate Judge in ECF No. 33;

6)    Plaintiff must serve Tashodd Timms in accordance with Rule 4(e), and if those methods of service prove inadequate, must

seek the court's permission to use alternate methods of service within a reasonable time;

7) Plaintiff must provide the completed "green card" return receipt for certified mail, if that method of service is used as to either Knox or Timms;

8) Plaintiff must serve Knox and Timms within 10 days of filing her motion;

9) Per Rule 4(l), Plaintiff must file sufficient proof of all forms of service on the docket in this matter, and shall include the date, time, and form of service, and receipts or copies of the forms of service used; and

10) Within 21 days of service of her motion, Plaintiff must also supply the court with a bill of costs for her efforts to obtain Knox and Timms' depositions. The court will not compensate Plaintiff for her inadequate prior attempts at service which were rejected by either this court or the Magistrate Judge, but Plaintiff may seek compensation for her attempts at service that complied with the Federal Rules and orders of this court, as well as her reasonable efforts to comply with the terms of this order and to serve Knox and Timms with her new motion.

Failure to strictly comply with the terms of this order shall constitute sufficient reason to reject Plaintiff's motion, if one is submitted to the court, and rejection of the motion for failure to comply with the requirements set out above shall not constitute good cause or excusable neglect to extend the deadline to file a renewed or amended motion.

If Plaintiff files such a motion within 21 days, then as indicated in (3) in the list above, it is **FURTHER ORDERED** that Precious Knox and Tashodd Timms shall each have twenty-one (21) days from service of Plaintiff's motion to file a response, explaining why they were unable to comply with the subpoena to testify at their deposition and to show cause why they should not be held in civil contempt.  Their response may not exceed 25 pages and <u>must include their current address and contact information, including email</u>, so that the court may contact them about scheduling a hearing on this motion.  Failure to file a response within the allotted time may result in a civil contempt citation and fine.

If Plaintiff does not file such a motion within 21 days, the court will consider her to have voluntarily waived the issue of pursuing sanctions against Knox and Timms, and any portions of this court's prior orders retaining jurisdiction to adjudicate the matter of contempt against Knox and Timms shall automatically expire on the 22nd day without further order of the court.

**SO ORDERED**.

20

Date: April 27, 2026                     s/F. Kay Behm
                                         F. Kay Behm
                                         United States District Judge