UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIARA WILLIAMS,

        Plaintiff,

v.

AUTOKINITON, d/b/a TOWER
INTERNATIONAL, INC.,

        Defendant.

_____ /

Case No. 23-cv-12404

Hon. F. Kay Behm
United States District Judge

## ORDER DENYING PLAINTIFF'S MOTION TO ALTER/AMEND JUDGMENT (ECF No. 70)

In this case, Plaintiff Tiara Williams brought claims of sexual harassment, retaliation, and racial discrimination against Defendant Tower Automotive Operations USA I, LLC d/b/a Autokiniton.  ECF No. 1.  On January 14, 2026, this court entered an opinion and order granting summary judgment to the Defendant on all causes of action. ECF No. 67.  The court assumes familiarity with its prior opinion, but in relevant part: the court determined that Williams' sexual harassment claims failed because Autokiniton had met its burden of proof to show that they implemented prompt and appropriate corrective action in response to her sexual harassment complaint – and therefore,

1

Williams could not prove employer liability.  *See* ECF No. 67, PageID.1773; *see also Doe v. City of Detroit,* 3 F.4th 294, 301 (6th Cir. 2021).  Meanwhile, Williams' retaliation claims (based on her report of sexual harassment) failed because Autokiniton came forward with a legitimate, nondiscriminatory explanation for her termination; their investigation of Williams' sexual harassment complaint turned up two employees (Precious Knox and Tashodd Timms) who averred that Williams had attempted to bribe them to lie in support of her claims.  Because Autokinton relied on those coworkers' statements and no evidence suggested they did not honestly believe those statements, Williams did not come forward with enough evidence on which a jury could find she was fired in retaliation for protected conduct rather than for integrity issues.  *See* ECF No. 67, PageID.1757.

Plaintiff now seeks to vacate the grant of summary judgment on Counts I–IV, which brought the claims for retaliation and sexual harassment.  *See id.*; ECF No. 70.  Defendant filed a response.  ECF No. 74.  For the reasons explained below, the court **DENIES** the motion to alter or amend the judgment and **GRANTS** Defendant its fees and costs in responding to the motion.

2

## I.   STANDARD OF REVIEW

A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  Fed. R. Civ. P. 59(e).  Plaintiff's motion was filed on February 19, 2026, and is timely.  A court may grant a motion to alter or amend judgment only if there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *ACLU of Ky. v. McCreary Cty.*, 607 F.3d 439, 450 (6th Cir. 2010) (citing *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).  Motions of this kind are not an appropriate vehicle for raising new facts or arguments.  *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (motions under Fed. R. Civ. P. 59(e) "are aimed at reconsideration, not initial consideration").  And contentions that merely echo a plaintiff's original argument in opposition to a summary-judgment motion should also be rejected.  *Est. of Marr v. City of Glasgow*, No. 25-5662, 2026 LX 118698, at *23-24 (6th Cir. Mar. 16, 2026) (citing *Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) ("A motion under Rule 59(e) is not an opportunity to re-argue a case."); *Exxon Shipping Co. v. Baker*, 554 U.S.

3

471, 485 n.5 (2008) ("Rule 59(e) . . . may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").

"To constitute 'newly discovered evidence,' the evidence must have been previously unavailable." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 617 (6th Cir. 2010). Evidence was previously available if it could have been discovered "with reasonable diligence" prior to the judgment. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614-15 (6th Cir. 2012).

## II. ANALYSIS

Plaintiff asserts that three grounds warrant vacating the grant of summary judgment. First, she argues that the court erred in its conclusion that there are no material, triable issues of fact, and to that point offers three new, never-produced exhibits. *See* ECF No. 70, PageID.1804. Second, she says the court erred in applying the "honest belief" doctrine because a reasonable jury could find that "the employer failed to make a reasonably informed and considered decision before taking its adverse employment action." *See Babb v. Maryville Anesthesiologists P.C.*, 942 F.3d 308, 322 (6th Cir. 2019); ECF No. 70,

4

PageID.1807.  Finally, she says that "procedural defaults" are irrelevant to the court's determination of summary judgment.  ECF No. 70, PageID.1809.  Although she does not clearly explain the point, she appears to argue that the court's finding that she forfeited an argument by failing to file a brief on the issue was erroneous.  *See* ECF No. 67, PageID.1744.  None of the three arguments merit relief.

### A.    Disputes of Fact and New Evidence

First, Plaintiff says, the court erred in finding no material dispute of fact in its order granting summary judgment.  It is not clear which specific findings Plaintiff objects to, because she does not identify any particular factual finding that she says was erroneous, or cite any portion of the court's opinion and order on summary judgment.  She instead says (again without any record citations) that "the following evidence directly contradicts the Court's 'no contravening evidence' characterization and creates triable issues: (1) Plaintiff's sworn account describing repeated harassment by Mr. Pace, contemporaneous reporting, and the circumstances of the employer's investigation and termination decision; (2) The declaration of Plaintiff's sister corroborating key aspects of Plaintiff's contemporaneous reporting and

distress, and corroborating the timeline and context of Plaintiff's protected activity; (3) The declaration of her supervisor, Michael Ferrante, at Exhibit C of the response." ECF No. 70, PageID.1804. Two independent reasons warrant rejecting this line of argument.

First, these arguments merely rehash arguments made in the first instance, and regurgitates theories of the case the court has already rejected. *See* ECF No. 57, PageID.1714 (Plaintiff's arguments regarding the circumstances and timing of the termination decision); *id.* at PageID.1689 (arguments regarding Plaintiff's sister); *id.* at PageID.1690 (arguments regarding Ferrante's statements); *see also* ECF No. 67, PageID.1754 (the court's findings addressing the circumstances and timing of the termination decision); *id.* at PageID.1778 (addressing the relevance of Plaintiff's sister's statements). To be fair, the court did not make explicit findings regarding Michael Ferrante's declaration in its Opinion. *See* ECF No. 39-14, PageID.473. But in doing so, the court found the declaration irrelevant to the material disputes between the parties. That was because Ferrante's declaration, in substance, solely provided some support for Plaintiff's allegations that Pace sexually harassed her. *See*

6

*id.* ("I would see James Pace near Tiara's work space very regularly. . . . He made a comment to me while I was working there about Tiara being nice-looking and having a nice body.").  But the substance of the declaration was ultimately irrelevant to the court's finding that, even assuming Williams had successfully alleged that the harassment she experienced was severe or pervasive, she had failed to show that Autokiniton could be held liable for the challenged conduct.  *See* ECF No. 67, PageID.1772-79.  The declaration was also irrelevant to any argument in her retaliation case, and so was not addressed in that context.[1]  Plaintiff's argument makes no attempt whatsoever to engage with the court's findings.  This attempt to re-argue issues already decided is improper in this posture, and these arguments are rejected on that basis.  *See J.B.F. v. Ky. Dep't of Educ.*, 690 F. App'x 906, 907 (6th Cir. 2017).

---

[1] Ferrante's statement that Pace was a part of management, and that "management would stick together whenever there was an issue" and "protect each other," was not in context applied to the circumstances of this case.  ECF No. 39-14, PageID.473.  Given that the company hired outside counsel to conduct the investigation into Williams' claims, this already tangential statement is not sufficient to create a genuine, material dispute of fact about the company's reliance on the Knox/Timms affidavits to terminate Plaintiff.  More to the point, Plaintiff never cited the Ferrante declaration as relevant to her retaliation argument, so she has waived any argument that it is relevant to her retaliation case in this posture. *See generally* ECF No. 57.

Plaintiff also fails to develop these arguments in a meaningful way, and to connect these arguments to specific findings in the court's opinion and order. That, too, independently suffices to reject this line of argument. What, for example, is the relevance of Ferrante's declaration given the court's prior findings, and which of the court's conclusions, specifically, does it rebut? What content in Plaintiff's sister's statements specifically shows that the court made a "clear error" of fact or law? Which of Plaintiff's own sworn statements, specifically, creates a genuine, material dispute of fact on one of the issues the court foreclosed? For that matter, to which of Plaintiff's claims are any these arguments relevant – her retaliation claim, or her sexual harassment claim? Plaintiff does not explain, and the court will not develop her arguments for her or search the record for support in support of these bare assertions. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."); *Magnum Towing & Recovery v. City of Toledo*, 287 F. App'x

442, 449 (6th Cir. 2008) ("It is not the district court's [] duty to . . . develop a party's claims").

Plaintiff then moves on to the main thrust of her present motion, which is that "she now supplies additional, objective impeachment evidence in the form of recordings and transcripts."  ECF No. 70, PageID.1804.  But Plaintiff ignores that she cannot raise new evidence in this posture.  Although her pleading does not admit this point, it is clear that the evidence she now brings forward could have been presented to the court in her summary judgment briefings, and therefore is not "newly discovered" within the meaning of Rule 59(e).  *See Snyder v. Vill. of Luckey*, No. 24-3530, 2025 LX 537030, at \*28 (6th Cir. Nov. 24, 2025).[2]  All of her exhibits, attached at ECF No. 72, are therefore not properly before the court, and it does not consider them.[3]

---

[2] She provides (1) a purported transcript of an alleged recording of a conversation with Mike Ferrante, (2) a purported transcript of an alleged recording of a conversation with Precious Knox, (3) a purported transcript of an alleged recording of a conversation with Jeff Kopp, the attorney who Autokiniton hired to perform the investigation, and (4) a declaration, signed by Plaintiff, in February 2026 (in other words, after the order for summary judgment was entered), purporting to authenticate these transcripts.  ECF No. 70, PageID.1805; ECF No. 72-3, PageID.1946.

[3] Given that, the court will not address the problems of authentication, hearsay, and the alleged failure to produce these exhibits in discovery, all of which would otherwise merit attention.  *See* ECF No. 74, PageID.1953 n.3, PageID.1952 n.2.

9

Related to this point, Plaintiff claims that "manifest injustice" would result if the judgment is allowed to stand.  So, Plaintiff says, she has "provided additional evidence" "to prevent manifest injustice[.]"  ECF No. 70, PageID.1804.  That is not how this works.  "'[M]anifest injustice' does not occur when a losing party attempts to 'correct what has—in hindsight—turned out to be poor strategic decision.'"  *Mich. Flyer LLC v. Wayne Cty. Airport Auth.*, 860 F.3d 425, 432 (6th Cir. 2017) (quoting *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).  Plaintiff's own statements indicate this alleged evidence existed well before the summary judgment briefings, and that she could have brought this evidence forward before now.  Waiting until summary judgment was granted to bring up these points does not constitute manifest injustice.

## B.    Honest Belief Rule

Next, Plaintiff argues that the court misapplied the honest belief rule.  The honest belief rule is a doctrine in this circuit that allows an employer to show a lack of pretext by showing it "honestly believed" in a nondiscriminatory reason for the adverse employment action.  "[A]s long as an employer has an honest belief in its proffered

nondiscriminatory reason," an employee cannot establish pretext simply because the reason is ultimately shown to be incorrect. *See Majewski v. Automatic Data Processing, Inc.*, 274 F.3d 1106, 1117 (6th Cir. 2001). As the court previously set out: "An employer has an honest belief in its reason for discharging an employee where the employer reasonably relied on the particularized facts that were before it at the time the decision was made." *Majewski*, 274 F.3d at 1117 (citation omitted). But "[i]f there is sufficient evidence for a reasonable jury to find the employer did not have an honest belief in its proffered reason that was based on a proper investigation, summary judgment must be denied." *Briggs v. Univ. of Cincinnati*, 11 F.4th 498, 515 (6th Cir. 2021). The burden is on the employer "to establish its reasonable reliance on the particularized facts that were before it at the time the decision was made." *Clay v. UPS*, 501 F.3d 695, 714 (6th Cir. 2007). An employee can still overcome the "honest belief rule" by pointing to evidence that "the employer failed to make a reasonably informed and considered decision before taking its adverse employment action." *Babb v. Maryville Anesthesiologists P.C.*, 942 F.3d 308, 322 (6th Cir. 2019). The court concluded that Defendant had shown that when terminating

11

Plaintiff, it made a reasonably informed and considered termination decision for a nondiscriminatory reason, and in doing so reasonably relied on the particular facts before it at the time.

Plaintiff first points to her "Exhibit P" to show that this conclusion was improper.  But "Exhibit P" is just one of her new exhibits presented for the first time in this posture, and the court does not consider it for the reasons explained above.  ECF No. 72-2, PageID.1930.[4]  So Williams is left with her arguments that largely rehash her arguments made at summary judgment: that Autokiniton's investigation "ignore[d] key witnesses favorable to the employee," that they "lack[ed] independent corroboration of the alleged bribery," and that their conclusion rested "on statements from witnesses who evade[d]" deposition.  ECF No. 70, PageID.1808.  All of these points were previously argued by Plaintiff. *See* ECF No. 67, PageID.1755.  All of these points were addressed in depth by the court on the motion for summary judgment.  *See* ECF No.

---

[4] And again, the court sets aside the independent issues that would otherwise merit attention, such as authenticating this apparently uncertified transcript of a recording that itself was not produced to the court, the hearsay issues in this document and alleged recording, and the alleged failure to produce this document or the underlying recording at any point in discovery.

12

67, PageID.1754-63.  Most notable of that analysis for present purposes
are the following conclusions:

- During its investigation of Plaintiff's sexual harassment claims, the Company (represented by attorney Jeff Kopp) interviewed Plaintiff and approximately seventeen (17) hourly and salaried employees, including individuals identified by Plaintiff and/or her attorney as potential witnesses.  ECF No. 39-13, PageID.470-71.  (ECF No. 67, PageID.1739).  To the extent that Plaintiff has at times argued that her sister Kenya Huston was a potential key witness, "Kopp's affidavit indicated that Kenya Huston was not interviewed because neither Williams nor her attorneys identified her as a potential witness."  ECF No. 39-13, PageID.471.  (ECF No. 67, PageID.1778 n.14).

- According to Defendant, "Not a single witness corroborated Plaintiff's sexual harassment claims.  Plaintiff's sexual harassment allegations, therefore, were determined to be unsubstantiated."  ECF No. 39, PageID.337 (citing ECF No. 39-13, PageID.471, ECF No. 39-12, PageID.464-65).  (ECF No. 67, PageID.1777).

- During the investigation, two employees, Precious Knox and Tashodd Timms, volunteered information indicating that that Williams "offered to pay them to lie and say that they witnessed Mr. Pace sexually harassing Ms. Williams, although they had not." ECF No. 39-13, PageID.471.  (ECF No. 67, PageID.1755).

- Defendant did not have to "document independent corroboration of the bribery claims" or conduct a "polygraph, text recovery, or internal forensic review" to conduct a thorough investigation when it had two apparently independent witnesses who were each willing to sign sworn statements to two separate instances of alleged bribery.  *See* ECF No. 57, PageID.1715; *id.* at PageID.1710; ECF No. 39-12, PageID.462 (statements were dissimilar in specifics); *Michael v. Caterpillar Fin. Srvs. Corp.*, 496 F.3d 584, 598-599 (6th Cir. 2007) ("We do

13

not require that the decisional process used by the employer be optimal or that it left no stone unturned."). (ECF No. 67, PageID.1756).

- Knox and Timms' failure to appear for deposition is irrelevant to what the company knew at the time of their decision to terminate Williams: "[T]he pretext determination does not hinge on whether a violation of the Code of Conduct in fact occurred as described (*i.e.*, whether Williams in fact attempted to bribe coworkers to lie for her or if it turns out both Knox and Timms lied) but on whether Autokiniton decisionmakers engaged in a proper investigation and as a result of that investigation honestly believed that Williams attempted to bribe coworkers to lie (*i.e.*, whether Autokiniton honestly believed in their nondiscriminatory or nonretaliatory reason for terminating Williams). Nothing in the record suggests that any relevant decisionmaker knew at the time that Knox or Timms' affidavits might be untrustworthy . . . ." (ECF No. 67, PageID.1762).[5]

Based on these points, among other findings, the court concluded that "Williams has no actual evidence that Defendant did not in fact believe that the [Knox/Timms] affidavits were accurate," and "she has not come forward with enough evidence a jury could find she was fired for retaliation rather than integrity issues." ECF No. 67, PageID.1757. Plaintiff's present arguments are merely an attempt to "relitigate" old

---

[5] The Sixth Circuit recently reaffirmed this point. *See Hamm v. Pullman SST, Inc.*, 167 F.4th 382, 394 (6th Cir. 2026) ("[A]n employer who fires an employee for fraud does not need to establish that the employee committed the fraud—just that it honestly believed the employee did so. And the employee cannot show pretext merely by showing that the reason was false.") (citing *Seeger v. Cincinnati Bell Tel. Co.*, 681 F.3d 274, 285 (6th Cir. 2012)).

matters, which she cannot do in this posture. *Exxon Shipping Co.*, 554 U.S. at 485 n.5. Plaintiff's citation to *Yazdian v. ConMed Endoscopic Techs., Inc.*, 793 F.3d 634, 654 (6th Cir. 2015), thus does little for her here. Not only is this just an attempt to re-argue matters already decided, but the case is distinguishable and shows no clear error of law. In *Yazdian*, a supervisor made a number of allegations about the plaintiff employee's alleged inability to accept feedback, and catalogued the employee's alleged behavioral issues; the defendant employer later relied on the supervisor's statements to prove a legitimate, nondiscriminatory reason for firing the plaintiff. *Id.* at 641-42. The plaintiff, meanwhile, alleged that he had been fired in retaliation for making comments to his supervisor that charged him with creating a hostile work environment. *Id.* at 646. The court found that the employer did not conduct any investigation into the supervisor's stated reasons for the decision to terminate Yazdian, and that the record suggested that the employer chose to terminate Yazdian based solely on the supervisor's account of events. The court noted that the HR manager who reviewed the case "did not interview Yazdian, his co-workers, or past managers to determine the basis of [his supervisor's]

allegations[.]"  *Id.* at 654.  Thus "a reasonable jury could find that [the employer's] belief in the reason for Yazdian's termination was not honestly held because [it] did not investigate Yazdian's discrimination complaint and blindly followed [the supervisor's] recommendation to terminate Yazdian."  *Id.*

But in this case, as previously noted, there is no genuine, material dispute that Autokiniton interviewed 17 people to determine the basis of Plaintiff's allegations, that they determined her allegations to be unsubstantiated, and that in the course of that investigation they received accounts from two different employees claiming that Williams offered to pay them to lie on her behalf.  This comparatively thorough investigation of Plaintiff's claims is easily distinguishable from the lack of an investigation in *Yazdian*.  While the company's investigation here perhaps did not leave every stone unturned, they were not required to do so to meet their burden at summary judgment.  Ultimately, Plaintiff submitted no evidence upon which a jury could reasonably conclude that Autokinition did not honestly believe the affidavits Knox and Timms provided them, and that those affidavits formed the basis of Williams' termination.  Plaintiff continues to argue that Knox and

Timms would not be credible witnesses at trial because of their failure to appear for deposition, but that ignores the court's finding that any credibility matters that arose after Williams' termination are irrelevant to the factual basis of the company's explanation *at the time* they terminated her. It ignores the court's finding that "the pretext determination does not hinge on whether a violation of the Code of Conduct in fact occurred as described (*i.e.*, whether Williams in fact attempted to bribe coworkers to lie for her or if it turns out both Knox and Timms lied) but on whether Autokiniton . . . honestly believed in their nondiscriminatory or nonretaliatory reason for terminating Williams[.]" ECF No. 67, PageID.1762. These attempts to re-argue her summary judgment case with the same arguments she brought previously are improper, and the court rejects them. *See Mich. Flyer LLC*, 860 F.3d at 431.

### C. Procedural Default

Finally, Plaintiff (or, more accurately, Plaintiff's counsel) makes the argument that the court should not have found that she forfeited her arguments regarding the admissibility of the Knox and Timms affidavits. *See* ECF No. 67, PageID.1744; ECF No. 70, PageID.1808.

Because Plaintiff's counsel does not admit to or offer any explanation of the underlying facts, the court notes again for the record that Plaintiff's counsel failed to appear in person for the oral argument on the admissibility of those affidavits, as she was ordered to do, and that she failed to file supplemental briefing on that issue, again as she was ordered by the court.  *See, e.g.*, ECF No. 55.  Given these compounding failures to follow court orders, the court is – to put it lightly – unimpressed by counsel's argument that it is unfair to treat that issue as forfeited.[6]

But in any event, the point is irrelevant, because the court also independently addressed the issue of the affidavits' admissibility on the merits, and found that they were not hearsay and were admissible at summary judgment.  ECF No. 67, PageID.1744.  Plaintiff's argument does not address this independent hearsay issue with any detailed

---

[6] Plaintiff's counsel also implies that she should have been allowed an extension for excusable neglect in failing to file a brief, but makes no argument whatsoever as to why she would be entitled to that finding, which generally requires "extraordinary" circumstances.  ECF No. 70, PageID.1803; *see Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006).  The court notes that Plaintiff's counsel's failure to provide explanation for her tardiness is apparently a recurring problem.  *See Culton v. Unifi Aviation, LLC*, No. 25-1277, 2026 LX 121764, at *5 (6th Cir. Apr. 14, 2026) (Plaintiff "offers no explanation for why these attorneys missed the filing deadline").

analysis, does not otherwise address the affidavits' admissibility or credibility with any arguments not already made and addressed at summary judgment, or provide any arguments that show the court made a clear error of law. *See* ECF No. 70, PageID.1809. So that argument, too, is rejected.

## III. Fees and Costs

Finally, Defendant asks the court to award Defendant its costs and attorneys' fees incurred in responding to Plaintiff's motion. Parties may make such a request under 28 U.S.C. § 1927, which authorizes a district court to hold an attorney liable "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred" when that attorney "so multiplies the proceedings in any case unreasonably and vexatiously." The standard is objective and does not require bad faith, but requires at least recklessness: "An attorney becomes sanctionable when [s]he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Bailey v. Papa John's USA, Inc.*, 236 F. App'x 200, 204 (6th Cir. 2007); *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997). Sanctions under § 1927 are appropriate when "an attorney

19

objectively falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (quoting citation omitted).

The court finds that Plaintiff's counsel acted recklessly by filing a frivolous Rule 59(e) motion that unreasonably and multiplied the proceedings of this case.  The motion introduces evidence that is plainly inadmissible in this posture, and Plaintiff's counsel reasonably knew or should have known that the attempt to introduce that evidence was frivolous.  In addition, all of her substantive arguments relitigated issues previously ruled on and offered no new theory or any explanation of clear error.  Her refusal to withdraw or amend her motion when informed by defense counsel of its numerous problems constitutes a knowing disregard of the risk that this motion would needlessly multiply these proceedings.  *See* ECF No. 74, PageID.1949-50; *see also EscapeX IP, LLC v. Google LLC*, 159 F.4th 1360, 1369 (Fed. Cir. 2025) (affirming district court's award of fees under § 1927 for failure to withdraw or amend Rule 59(e) motion after notice from opposing party's briefing).  The court notes as well that it warned Plaintiff's counsel

20

about her conduct in this case in its prior order on summary judgment, and that her conduct in this motion is indicative that she did not heed the warning that she take seriously her obligations to the court.  *See* ECF No. 67, PageID.1789.

An attorney's obligation to zealously advocate for a client is not a license to ignore other duties, such as refraining from filing frivolous motions.  *See, e.g.*, *Amazon.com, Inc. v. PersonalWeb Techs. LLC* (*In re PersonalWeb Techs. LLC*), 85 F.4th 1148, 1159 (Fed. Cir. 2023) ("[Z]ealous representation is tempered by the obligation of counsel to assist the court by fully and fairly presenting legal issues relevant to the facts of the case.  Exceptionality cannot hide behind a claim of zealous representation."); *Fulford v. CONRAIL*, No. 86-3075, 1987 U.S. App. LEXIS 3191, at *22 (6th Cir. Mar. 10, 1987) ("An attorney's ethical obligation of zealous advocacy on behalf of his or her client does not amount to *carte blanche* to burden the federal courts . . . by pursuant nonfrivolous claims through the use of multiplicative litigation tactics that are harassing, dilatory, or otherwise 'unreasonable and vexatious.'").  An attorney's obligation to zealously represent her client also does not include a license to ignore binding precedent.  Nowhere in

Plaintiff's motion does the controlling statement of law appear that the only kind of new evidence permitted in a 59(e) motion is that which is "newly discovered." *See, e.g.*, *ACLU of Ky. v. McCreary Cty.*, 607 F.3d 439, 450 (6th Cir. 2010). Nowhere does she cite the standard that she is not permitted to "relitigate" issues of fact and law already decided. *See, e.g.*, *Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). She could, of course, present a good-faith argument why those precedential decisions (or similar statements from other precedential cases) do not apply in this case. But Plaintiff's counsel has been warned, by fellow judges in this same district, that the failure to acknowledge controlling precedent in an effort to evade those precedential holdings fails to satisfy her duty of candor to the court. *See Al-Ali v. CVS Pharmacy, Inc.*, No. 24-13046, 2026 LX 192002, at *12 (E.D. Mich. Mar. 6, 2026) (referring Aikens to the Chief Judge of this district and warning Aikens: "The one thing she cannot do is fail to identify controlling precedent, pretend it does not exist, and try to convince . . . the undersigned to make a decision contrary to controlling precedent."). Aikens neither acknowledged that

22

controlling precedent nor presented any good faith explanation for why those rules do not apply here.  Aikens did not move to amend or withdraw the motion after being put on notice of its deficiencies.  This conduct may not have been in bad faith, but it objectively fell well short of her obligations to the court as a member of the bar and imposed needless expense on the opposing party.  *See Sater*, 465 F.3d at 646. The request for fees and costs will therefore be granted.

## IV.   CONCLUSION

The motion to alter or amend the judgment is **DENIED**. Defendant is **AWARDED** its fees and costs for responding to the motion.  Plaintiff's counsel must satisfy personally the costs, expenses, and attorneys' fees reasonably incurred in the filing of their response.

SO ORDERED.

Date: April 27, 2026                    s/F. Kay Behm
                                        F. Kay Behm
                                        United States District Judge

23