UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIARA WILLIAMS,

     Plaintiff,

v.

TOWER AUTOMOTIVE
OPERATIONS USA I, LLC d/b/a
AUTOKINITON,

     Defendants.
_____ /

Case No. 23-12404
Hon. F. Kay Behm
United States District Judge

Hon. Anthony P. Patti
United States Magistrate Judge

## **ORDER DENYING RENEWED MOTION TO HOLD NONPARTIES IN CIVIL CONTEMPT (ECF No. 77)**

Before the court is Plaintiff's post-judgment motion to hold nonparties Precious Knox and Tashodd Timms in civil contempt and to impose compensatory fines for their failure to comply with duly served subpoenas commanding their appearance at deposition (ECF No. 77).

This issue has been raised on several occasions, and was most recently and comprehensively addressed in an order which declined to issue bench warrants for Knox and Timms, but invited Plaintiff's counsel to file another motion seeking civil contempt and compensatory fines if she wished (ECF No. 75). Plaintiff's motion was filed following that order and invitation. The court assumes familiarity with its prior

1

order (ECF No. 75), but in summary: Knox and Timms were each subpoenaed by Plaintiff to appear for depositions in this matter; neither appeared for their duly noticed deposition.  A party may seek to hold persons who violate a court order in civil contempt, but bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated a definite and specific order of the court requiring him to perform a particular act with knowledge of the court's order.  *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996).  The court was satisfied that "Plaintiff has shown by clear and convincing evidence a prima facie case that Knox and Timms were properly served with subpoenas to appear at their deposition."  ECF No. 75, PageID.1971.  However, Knox and Timms are still entitled to "notice reasonably calculated, under the circumstances, to apprise them of the pendency of [this contempt] action and afford them an opportunity to present their objections."  *See id.*; *Consolidation Coal Co. v. United Mine Workers*, 514 F.2d 763, 765 (6th Cir. 1975) (citation omitted).  So in inviting Plaintiff to make another attempt at civil contempt citations, the court ordered that Plaintiff effect service on Knox and Timms to

2

inform them of Plaintiff's contempt allegations against them and offer the nonparties an opportunity to respond.  ECF No. 75, PageID.1972.

In doing so, the court was aware of, and took into account, an unfortunate history in this case in which Plaintiff's counsel did not follow the instructions of the court in perfecting service on these same individuals.  *See* ECF No. 75, PageID.1959-60 (summarizing this history); *see also* Text Only Orders dated Jan. 21, 2025; Jan. 30, 2025; Feb. 24, 2025; Mar. 10, 2025.  In light of that history, the court set out a series of requirements for Plaintiff to meet in order to be entitled to relief.  ECF No. 75, PageID.1973-75 (setting out 10 clearly identified steps).  The relevant language reads:

> [T]he court will consider a motion addressing that issue [contempt] if it is submitted to the court within 21 days of entry of this order, and if Plaintiff abides by each of the following requirements in submitting such a motion:
>
> 1)    In addition to filing her motion on the docket, Plaintiff must serve both Knox and Timms with her motion to hold them in civil contempt and seeking compensatory fines;
>
> 2)    In her motion, Plaintiff must explain the factual basis for holding Knox and Timms in civil contempt (i.e. the subpoenas requiring their appearance at their depositions, and attach copies of the subpoenas and proofs of service);

3

3) Plaintiff must include, at the bottom of her motion, in boldface type and 14 point font, the following notice and order to show cause:

**By order of the court, Precious Knox and Tashodd Timms shall each have twenty-one (21) days from service of this motion to file a response in the United States District Court for the Eastern District of Michigan, Case No. 23-12404, explaining why they were unable to comply with the subpoena to testify at their deposition and to show cause why they should not be held in civil contempt. Their response may not exceed 25 pages and <u>must include their current address and contact information, including email,</u> so that the court may contact them about scheduling a hearing on this motion. Failure to file a response within the allotted time may result in a civil contempt citation and fine.**

4) Plaintiff must establish facts that prove she performed a diligent search for the nonparties' current addresses, and present facts that establish that the addresses she intends to use for Knox and Timms are their current addresses;

5) Plaintiff may serve Precious Knox either in accordance with Rule 4(e) or by alternate service at an address proven to be hers, but if Plaintiff elects to serve her by alternate means, the forms of alternate service must match <u>exactly</u> the forms ordered by the Magistrate Judge in ECF No. 33;

6) Plaintiff must serve Tashodd Timms in accordance with Rule 4(e), and if those methods

4

of service prove inadequate, must seek the court's permission to use alternate methods of service within a reasonable time;

7)      Plaintiff must provide the completed "green card" return receipt for certified mail, if that method of service is used as to either Knox or Timms;

8)      Plaintiff must serve Knox and Timms within 10 days of filing her motion;

9)      Per Rule 4(l), Plaintiff must file sufficient proof of all forms of service on the docket in this matter, and shall include the date, time, and form of service, and receipts or copies of the forms of service used; and

10)    Within 21 days of service of her motion, Plaintiff must also supply the court with a bill of costs for her efforts to obtain Knox and Timms' depositions.  The court will not compensate Plaintiff for her inadequate prior attempts at service which were rejected by either this court or the Magistrate Judge, but Plaintiff may seek compensation for her attempts at service that complied with the Federal Rules and orders of this court, as well as her reasonable efforts to comply with the terms of this order and to serve Knox and Timms with her new motion.

Failure to strictly comply with the terms of this order shall constitute sufficient reason to reject Plaintiff's motion, if one is submitted to the court, and rejection of the motion for failure to comply with the requirements set out above shall not constitute good cause or excusable neglect to extend the deadline to file a renewed or amended motion.

*Id.*

To be fair, Plaintiff did follow some of the steps the court identified.  She filed a motion on May 18, 2026 (within the court's deadline) explaining the factual basis for the contempt citations (2), included the court's order requiring a response from Knox and Timms – and offering them opportunity to respond to Plaintiff's allegations (3), and set forth facts that she performed a diligent search for the nonparties' current addresses in order to effect service (4).

But Plaintiff did not complete the remaining steps (or, at the very least, has submitted no proof that she did so).  Although Plaintiff filed the motion itself, Plaintiff stated she "will separately file sufficient proof of service on Precious Knox and Tashodd Timms after service is completed, including the date, time, and form of service, and receipts or copies of the forms of service used, as required by the Court's April 27, 2026 Order and Federal Rule of Civil Procedure 4(l)."  ECF No. 77, PageID.2015.  However, that statement was filed with Plaintiff's motion on May 18, 2026.  After over 60 days, no proof of service has been filed to evidence compliance with (1), (5), (6), (7), (8), or (9).  Nor did Plaintiff file a bill of costs within the allotted time explaining what costs she is

6

entitled to, per (10). Plaintiff was warned that she had to abide by "each of the following requirements in submitting" her motion to obtain relief. ECF No. 75, PageID.1973. She was warned that "[f]ailure to strictly comply with the terms of this order shall constitute sufficient reason to reject Plaintiff's motion," and that "failure to comply with the requirements set out above shall not constitute good cause or excusable neglect to extend the deadline to file a renewed or amended motion." *Id.* at PageID.1975.

Plaintiff has provided no indication, given ample time, to show compliance with requirements (1), (5), (6), (7), (8), (9), or (10). Her motion to hold nonparties Knox and Timms in contempt is therefore **DENIED** for failure to comply with the requirements laid out by the court.

**SO ORDERED**.

Date: July 23, 2026      s/F. Kay Behm
F. Kay Behm
United States District Judge

7